
ORIGINAL

**FILED**

01/09/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0747

## IN THE SUPREME COURT OF THE STATE OF MONTANA

### DA 23-0747

IN RE THE MARRIAGE OF:

SHAWN M. STUZMAN,

Petitioner and Appellee,

and

KRIS STUTZMAN,

Respondent and Appellant.

O R D E R

FILED

JAN 0 9 2024

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Self-represented Kris Stutzman (Kris) has filed an "Emergency Notice of Appeal, Request for Stay Order, and Injunction" in her recently filed appeal. She also filed an amended document with the same title. Kris explains that she seeks relief from the Twentieth Judicial District Court, Lake County, December 7, 2023 Order in a dissolution matter. She includes copies of several judgments as well as the case register of actions.

We reviewed the attachments. Through counsel, Shawn M. Stutzman (Shawn) petitioned the District Court for a dissolution of marriage in April 2022. Kris filed a response to the Petition. On October 27, 2022, the court dismissed a temporary order of protection sought by Shawn and vacated the hearing. In November, Kris's counsel filed a notice of appearance.

As of March 1, 2023, Shawn moved to compel the sale of real property. Kris filed a response on March 20, 2023, and her counsel moved to withdraw representation nine days later. The court continued the deadlines in the proceeding, and Kris had other counsel in late April 2023. On May 5, 2023, the Marital and Property Settlement Agreement as well as a Stipulated Parenting Plan were filed. The parties also filed a Joint Affidavit for Entry of Decree of Dissolution of Marriage on that day. The court entered its findings and conclusions on May 11, 2023, and the notice of entry of decree was filed on May 15, 2023.

In July 2023, Shawn sought a warrant for contempt and statement of charge. Shawn was seeking to sell the real property. Kris responded in August and later sought additional time. On August 24, 2023, the court granted her extension and ordered an abeyance. The court ordered that the "deadline to refinance or assume the mortgage encumbering the real property awarded to her pursuant to the parties' May 1, 2023 Martial and Property Settlement Agreement [was] extended by sixty (60) days from the date of this Order." The court held Shawn's Warrant for Contempt and Attorney Fees in abeyance. On December 7, 2023, the Lake County District Court denied Kris's second motion of extension of time and granted Shawn's emergency motion regarding the sale of the marital home and confirming interest on judgment.

Kris contends that a stay of the judgment or an injunction is appropriate "to prevent irreparable harm[.]" She provides that her appeal is urgent and that her fair trial rights have been violated. She asserts that the property, the marital home, was prematurely listed and has an inaccurate valuation. She requests an injunction "to maintain a stable and secure environment for [her] children, aligning with the best interests and the principles of Montana law."

Under the Montana Rules of Appellate Procedure, a person first must seek a stay in District Court. M. R. App. P. 22(1)(a)(i). The rule provides that "motions under this rule which have not been filed in accordance with sections (1) and (2)(a) of this rule . . . will be denied summarily." M. R. App. P. 22(4).

Kris has not indicated that she sought a stay in the District Court prior to seeking relief here. We secured an updated copy of the register of actions and another order the court entered after its December 7 order. On December 19, 2023, Shawn filed an Ex Parte Motion for Temporary Injunction, Motion for Writ of Assistance, Second Motion for Warrant of Contempt, Statement of Charge, and Motion for Attorney Fees. On December 21, 2023, the District Court issued an Order excluding Kris from the family home and setting a hearing for January 4, 2024, for Kris to answer the contempt charge. Kris did not file a motion for stay in the District Court prior to seeking such relief here.

2

Turning to Kris's request for an injunction, M. R. App. P. 14(2) allows the Court to entertain a petition for writ of injunction as an original proceeding, but this is not an original proceeding. Kris has sought a direct appeal of the District Court's ruling allowing the sale of the marital home. As such, Kris's motion for an injunction is in effect a motion to stay execution of the District Court's judgment pending appeal.

As explained above, a motion for stay may be summarily dismissed when it does not comport with this Court's rules. M. R. App. P. 22(4). Kris did not seek a stay in District Court, and thus, she has not complied with the requirements of M. R. App. P. 22 governing a request for stay.

IT IS THEREFORE ORDERED that Kris's Motion for Stay or Injunctive Relief is DENIED.

The Clerk is directed to provide a copy of this Order to counsel of record and to Kris Stutzman along with a copy of this Court's Civil Appellate Handbook.

DATED this 9th day of January, 2024.

_____
Chief Justice

_____

_____

_____

_____
Justices

3